1  MICHAEL D. BRUNO  (SBN:  166805)
   mbruno@grsm.com
2  NICHOLAS A. DEMING  (SBN:  287917)
   ndeming@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone:  (415) 986-5900
5  Facsimile:  (415) 986-8054

6  Attorneys for Defendant
   SSMB PACIFIC HOLDING COMPANY, INC.
7  (erroneously sued as "NORCAL KENWORTH")

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                         SAN JOSE DIVISION
11

12  JEREMY RAUDEZ,                        )  CASE NO.
                                          )
13                        Plaintiff,      )  **NOTICE OF REMOVAL OF**
                                          )  **ACTION UNDER 28 U.S.C. § 1441(a)**
14       vs.                              )  **(FEDERAL QUESTION**
                                          )  **JURISDICTION)**
15  NORCAL KENWORTH A CALIFORNIA          )
    CORPORATION AND DOES ONE              )
16  THROUGH FIFTY,                        )
                                          )
17                        Defendants.     )
                                          )
18

19       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20       PLEASE TAKE NOTICE that Defendant, SSMB PACIFIC HOLDING COMPANY,

21  INC. erroneously sued as NORCAL KENWORTH ("Defendant"), hereby removes to this Court

22  the state court action described below.

23       1.    On or about April 10, 2019, an action was commenced in the Superior Court of

24  the State of California in and for the County of Santa Clara, entitled *Jeremy Raudez, Plaintiff v.*

25  *NorCal Kenworth a California Corporation and Does One Through Fifty, Defendants,* as Case

26  No. 19CV346157 (the "state court action"). A true and correct copy of the Complaint filed in

27  the state court action is attached as Exhibit A.

28       2.    On April 22, 2019, Defendant's registered agent was served with a copy of the

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Complaint.

2       3.      On May 22, 2019, Defendant filed and served an Answer to the Complaint filed in

3   the state court action. A true and correct copy of Defendant's Answer to the Complaint and

4   Proof of Service is attached as Exhibit B.

5       4.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed

6   within thirty (30) of the date on which Defendant received a copy of the Plaintiff's initial

7   pleading.

8       5.      This is a civil action of which this Court has original jurisdiction under 28 U.S.C.

9   § 1331, and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §

10  1441(a), in that Plaintiff in the Complaint has alleged a federal cause of action for alleged

11  violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (See: Exhibit A, Sixth Cause

12  of Action).

13      6.      A copy of this Notice of Removal is being filed contemporaneously with the

14  Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

15      7.      A copy of this Notice of Removal also is being served on counsel of record for

16  Plaintiff.

17

18  Dated: May 21, 2019                    GORDON REES SCULLY MANSUKHANI,
                                           LLP
19

20                                         By: _____
21                                              Michael D. Bruno
22                                              Nicholas A. Deming
                                                Attorneys for Defendant
23                                              SSMB PACIFIC HOLDING
                                                COMPANY, INC.
24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# EXHIBIT A

# SUMMONS

## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NORCAL KENWORTH a California Corporation and
DOES ONE THROUGH FIFTY,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEREMY RAUDEZ

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| Electronically filed |
| by Superior Court of CA, |
| County of Santa Clara, |
| on 4/10/2019 11:44 AM |
| Reviewed By:S. Uy |
| Case #19CV346157 |
| Env #2741425 |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF SANTA CLARA COUNTY
191 N. FIRST ST.
SAN JOSE, CA 95113

CASE NUMBER: *(Número del Caso):* 19CV346157

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FRANK E. MAYO, ESQ. SBN42972        650/964-8901
4962 EL CAMINO REAL, STE 104
LOS ALTOS, CA 94022

DATE: 4/10/2019 11:44 AM      Clerk of Court      Clerk, by      S. Uy      , Deputy
*(Fecha)*                     *(Secretaria)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* NORCAL Kenworth, a California corporation

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):* 2-19-19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  FRANK E. MAYO/State Bar #42972
   Law Office of Frank E. Mayo
2  4962 El Camino Real, Suite 104
3  Los Altos, CA 94022

4  (650) 964-8901

5  Attorney for Plaintiff

6
7
8
9
10
11

E-FILED
4/10/2019 11:44 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV346157
Reviewed By: S. Uy

12        IN THE SUPEIOER COURT OF CALIFORNIA
                COUNTY OF SANTA CLARA

13  JEREMY RAUDEZ,                        )   Case No.  19CV346157
14         Plaintiff,                     )   COMPLAINT FOR DAMAGES  FOR
15                                         )   WRONGFUL TERMINATION, UNPAID
                                          )   OVERTIME COMPENSATION
16         vs                             )   AND FOR DAMAGES UNDER THE
17                                         )   FLSA
    NORCAL KENWORTH  A                    )
18  CALIFORNIA  CORPORATION  AND          )
    DOES ONE THROUGH FIFTY,               )   JURY TRIAL DEMANDED
19                                         )
20         Defendants.                    )
                                          )
21

22  Plaintiff makes complaint against Defendant and for causes of action alleges as follows:

23                          COUNT ONE

24          WRONGFUL TERMINATION OF EMPLOYMNET

25     1.Plaintiff is now and was at all times herein mentioned a resident of the county of Santa

26  Clara, State of California.

       2.  Plaintiff is informed  and believes and on such  information and  belief alleges that

27                              1
28

1  Defendant NorCal Kenworth was at all times herein mentioned a corporation organized and existing
2  under and by virtue of the laws of the State of California with its principal place of business in the
3  City of Morgan Hill, California.
4
5       3. At all times herein mentioned Richard Callaway and Ms. Diaz were managerial
6  employees of Defendant NorCal Kenworth and in doing the things and committing the acts
7  herein alleged were acting within the course and scope of their NorCal Kenworth managerial
8  employment.
9       4. The true names and capacities of defendants designated herein as Does One through Fifty
10  are unknown to plaintiff, who therefore sues said defendants by fictitious names. Plaintiff will
11  amend this complaint to allege the true names and capacities when ascertained. Plaintiff is however
12  informed and believes that each of these fictitiously named defendants is responsible in some
13  manner for the damages herein alleged to have been suffered by plaintiff.
14
15       5. On or about September of 2012 Defendant NorCal Kenworth entered a written
16  employment agreement with plaintiff, which provided it would employ plaintiff as a non exempt
17  employee in the position of Counter Clerk taking orders from customers coming to its facility in
18  Morgan Hill California and taking orders by phone.
19       6    Plaintiff remained in this position until January 1, 2018.  At which time in response
20  to Plaintiff's request for a pay raise from Twenty Six Dollars per hour, Defendant promoted him to
21  the position of Assistant Department Manager with his duties remaining the same but was
22  misclassified as an exempt employee.
23
24       7    In November 2018 Plaintiff requested the method in which his incentive
25  compensation was calculated and asked to see business records of his department's income
26  asserting he may not have been properly paid. Said protestation was made to Rick Callaway.
   Defendant did not respond to Plaintiff's request.

27
28
                                                    2

1    8. Instead it terminated his employment without cause on January 9, 2019 in retaliation for

2    Plaintiff asserting his right to be timely paid all compensation due him.

3        9. As a direct and proximate result of the wrongful termination of his employment as herein

4    alleged, Plaintiff has suffered loss of the compensation and benefits of employment and severe and

5    intense emotional distress all to his damage in a sum in excess of this court's minimum

6

7    jurisdictional amount.

8                              COUNT II

9            FOR NON PAYMENT OF OVERTIME COMPENSATION

10       10 Plaintiff incorporates herein by reference count one of this complaint as if set forth in full.

11       11. Plaintiff as an inside sales person was not exempt from application of the overtime

12

13    provision of Labor Code Section 510.

14       12  Labor Code Sec. 510 and IWC Wage Orders provide that any work in excess of twelve

15    hours in one workday and all hours worked in excess of eight on the seventh day of work in any one

16    workweek shall be compensated at the rate of two times the regular rate of pay for any employee.

17       13. During the period of Plaintiff's employment from January 1, 2018 to January 9, 2019 , he

18    worked  an average of 12.5 hours overtime each week for a total of  637 overtime hours for which he

19    was entitled to be  paid  $26,775, no part of which has been paid.

20

21       14. Therefore there is now due owing and unpaid from Defendant to Plaintiff the sum of

22    $26,775 together with  prejudgment interest at the rate of  ten  percent per annum  for  the overtime

23    hours he worked.

24                              COUNT III

25        FAILURE TO PROVIDE MEAL PERIODS AND REST PERIOD BREAKS IN

26          VIOLATION OF LABOR CODE SEC. 226.7 AND IWC WAGE ORDER

                                    5-2001

27

28                                   3

15. Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

16. IWC Wage Order 5-2001 provides that no employer shall employ any person for a work period of more than five (5) hours without a meal period or not less than 30 minutes. It further provides that rest periods of at least 10 minutes must be provided per 4 hours of work or major fraction thereof.

17. Labor Code Sec. 226.7 provides that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

18. Both IWC Wage Order 5-2001 and Labor Code sec. 226.7 further provide that if an employer fails to provide an employee a meal or rest period the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each meal and/or rest period that is not provided.

19. Defendant's failure to provide meal and rest periods is a violation of IWC Wage Order 5-2001 and Labor Code Sec 226.7.

20. Plaintiff was not provided with a an opportunity to take either a thirty minute meal period or ten minute rest period of ten minutes after having worked three and one half hours for Defendant. Further he was not provided with rest breaks.

21 Plaintiff is entitled to receive all wages due to him for Defendants' failure to provide required meal and rest breaks.

24. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in the sum of $13,650

COUNT IV

4

VIOLATOIN OFCALIFORNIA

CODE SECTION 226

25. Plaintiff incorporates count one and two of this complaint as though set forth in full herein.

26. California Labor Code Section 226 requires an employer to provide its non-exempt employee a wage statement accompany each payroll check setting forth among other things the regular and overtime hours worked by the employee.

27. Defendant failed to do so and therefore liable to plaintiff for statutory damages in the sum of $1,350 together with prejudgment interest and attorney fee.

COUNT V

FOR WAITING TIME PENALTIES UNDER LABOR CODE

SEC. 203

28. Plaintiff incorporates by reference all of the foregoing paragraphs as though set forth fully herein.

29. Defendants willfully and intentionally failed to pay Plaintiff all wages due him within twenty four hours of his employment termination under California Labor Code 201 and 202. 30. Accordingly, Plaintiff is entitled to waiting time penalties of up to 30 work days' pay in an amount of 6,720.

COUNT VI

FOR UNPAID OVERTIME COMPENSATION, LIQUIDATED

DAMAGES AND ATTORNEY FEES PURSUANT TO

29 USC 201 et.seq

30 Plaintiff incorporates herein by reference count one of this complaint as thought set forth

5

COMPLAINT FOR DAMAGES

in full herein.

31.  NorCal Kenworth. is engaged in an enterprise that is subject to the requirements of the FLSA.

32.  This court has jurisdiction over this claim pursuant to  28 USC 1331 and 28 USC 12491

33 Defendant NorCal Kenworth  employed Plaintiff as a counterman from January 1, 2018 to January 1, 2019 at a weekly salary of $1162 .  Under standards adopted by the FLSA Plaintiff's regular rate of pay at  NorCal Kenworth was $ 21.15 per hour and his overtime rate of pay $32.30. Because Plaintiff worked. 637 overtime hours for  which Defendant did not pay plaintiff, there is now due owing and  unpaid form Defendant to Plaintiff the sum of  $20,579

34 At all times herein mention, Defendant Cal Kenworth knew Plaintiff  was  not an exempt employee under the FLSA .and was required  to pay Plaintiff one and one half his regular rate of  pay for all hours worked in excess of forty  in any given work week

35 Defendant willfully  violated  the  FLSA  by  failing  to  pay  Plaintiff  the  overtime  compensation. Plaintiff is therefore entitled to collect from Defendant a sum equal to  the unpaid overtime due him with pre and post judgment interest,  liquidated damages in a sum equal to his unpaid overtime or an additional $20 579 and attorney's fees in a sum according to proof.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

On Count One for Plaintiff's damages according to proof and the assessment of exemplary damages in a sum according to proof;

On Count Two  for Plaintiff's unpaid overtime compensation in a sum according to proof; and award of reasonable attorney fees according to proof;

On Count Three for failure to provide accurate paystubs under Labor Code Sec 226;

On Count Four for failure to provide statutorily mandated rest periods and meal periods to Plaintiff  in a sum according to proof;

6

COMPLAINT FOR DAMAGES

On Count Five for waiting time penalties in a sum according to proof;

On Count Six for failing to pay Plaintiff the FLSA overtime and in a sum according to proof; and award of reasonable attorney fees and interest according to proof; and

Dated: April 4, 2019

Frank E. Mayo, Attorney for Plaintiff

7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| FRANK E. MAYO, SBN 42972<br>LAW OFFICE OF FRANK E. MAYO<br>4962 EL CAMINO REAL, STE. 104<br>LOS ALTOS, CA 94022<br>TELEPHONE NO.: 650/964-8901   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff | Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 4/10/2019 11:44 AM<br>Reviewed By: S. Uy<br>Case #19CV346157<br>Envelope: 2741425 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. FIRST ST.
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA 95113
BRANCH NAME:

CASE NAME: RAUDEZ V. NORCAL KENWORTH INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 19CV346157 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: APRIL 10, 2019

FRANK E. MAYO
(TYPE OR PRINT NAME)                    ▶ *(signature)*
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice-
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (26)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case-Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38)   *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ-Administrative Mandamus
   Writ-Mandamus on Limited Court
      Case Matter
   Writ-Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]          CIVIL CASE COVER SHEET          Page 2 of 2

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: _____19CV346157_____

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:** If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

| | |
|---|---|
| Your Case Management Judge is: _____Kirwan, Peter_____ | Department: ____19____ |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) | |
| Date: __07/23/2019__ Time: __3:00pm__ in Department: | ____19____ |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) | |
| Date: _____ Time: _____ in Department: | _____ |

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# EXHIBIT B

1  MICHAEL D. BRUNO  (SBN: 166805)
   mbruno@grsm.com
2  NICHOLAS A. DEMING  (SBN: 287917)
   ndeming@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone:  (415) 986-5900
5  Facsimile:  (415) 986-8054

6  Attorneys for Defendant
   SSMB PACIFIC HOLDING COMPANY, INC.
7  (erroneously sued as "NORCAL KENWORTH")

8

9                      SUPERIOR COURT OF CALIFORNIA

10                        COUNTY OF SANTA CLARA

11

12  JEREMY RAUDEZ,                    )  CASE NO.  19CV346157
                                      )
13                    Plaintiff,      )
                                      )  **DEFENDANT'S ANSWER TO**
14        vs.                         )  **COMPLAINT**
                                      )
15  NORCAL KENWORTH A CALIFORNIA      )
    CORPORATION AND DOES ONE          )
16  THROUGH FIFTY,                    )
                                      )  Complaint Filed:  April 10, 2019
17                    Defendants.     )
                                      )
18                                    )
                                      )

19

20       Defendant SSMB PACIFIC HOLDING COMPANY, INC. erroneously sued as

21  NORCAL KENWORTH ("Defendant") hereby answers the Complaint ("Complaint") filed by

22  Plaintiff JEREMY RAUDEZ ("Plaintiff") as follows:

23                        **GENERAL DENIAL**

24       Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d),

25  Defendant denies generally and specifically each and every allegation contained in Plaintiff's

26  Complaint, and further denies that Plaintiff has been damaged in the amounts alleged therein, or

27  in any other amount, or at all.

28

*(left margin, vertical text)* Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-
DEFENDANT'S ANSWER TO COMPLAINT

<div style="text-align:left">Gordon Rees Scully Mansukhani, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111</div>

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses with respect to each cause of action contained within Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Defendant alleges that the Complaint and every cause of action fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant alleges that Plaintiff's claims are barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

Defendant alleges that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

(Lack of Damages/Failure to Mitigate)

Defendant alleges that Plaintiff has suffered no damages as a result of any alleged act or omission of Defendant, and even if Plaintiff has suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate said damages or injuries, if any.  Defendant alleges that by his conduct, Plaintiff has waived any right to recover any relief pursuant to the Complaint, or any purported cause of action alleged therein.

### FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

Defendant alleges that Plaintiff is estopped by his conduct from recovering any relief pursuant to the Complaint, or any purported cause of action alleged therein.

///

DEFENDANT'S ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**SIXTH AFFIRMATIVE DEFENSE**

2

(Waiver)

3      Defendant alleges that by his conduct, Plaintiff has waived any right to recover any relief

4  pursuant to the Complaint, or any purported cause of action alleged therein.

5

**SEVENTH AFFIRMATIVE DEFENSE**

6

(Good Faith Dispute)

7      Defendant alleges that without conceding that there are any wages and/or monies due,

8  there exists a good faith dispute regarding the payment of wages and/or monies.  Therefore,

9  penalties are not warranted.

10

**EIGHTH AFFIRMATIVE DEFENSE**

11

(No Standing)

12      Defendant alleges that Plaintiff has no standing to bring some or all of the claims which

13  are therefore barred.

14

**NINTH AFFIRMATIVE DEFENSE**

15

(Failure to Accurately Report Hours Worked)

16      Defendant alleges that Plaintiff did not accurately report the hours for which he seeks

17  allegedly unpaid wages and penalties; therefore, Plaintiff is barred from seeking to recover any

18  such amounts from Defendant.

19

**TENTH AFFIRMATIVE DEFENSE**

20

(Not Willful)

21      Defendant alleges that the conduct and/or violation of law alleged against Defendant are

22  not sufficient to be "willful" within the meaning of California Labor Code section 203.

23

**ELEVENTH AFFIRMATIVE DEFENSE**

24

(Compliance with Law/ *De Minimis*)

25      Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action

26  contained therein, may be barred by Defendant's compliance or substantial compliance with all

27  applicable laws underlying Plaintiff's claim and the purported Labor Code violations, if any,

28  were *de minimis*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

## TWELFTH AFFIRMATIVE DEFENSE

(Acts or Omissions of Plaintiff)

The Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff or any person on whose behalf relief is sought.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Hours Worked)

Defendant alleges that the hours claimed in this lawsuit are not "hours worked" within the meaning of the Wage Orders, such that minimum wage and overtime compensation need not be paid for those hours.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Proper Payment)

Defendant alleges that Plaintiff was properly paid his wages pursuant to the provisions of the Wage Orders.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

Defendant alleges that to the extent Plaintiff recovers penalties in this action, he cannot recover punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

Defendant alleges that each of Plaintiff's causes of action and claims for damages are barred, in whole or in part, by the doctrine of avoidable consequences.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Excessive Fines)

Defendant alleges that the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

-4-

<div style="text-align:left; writing-mode: vertical">Gordon Rees Scully Mansukhani, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111</div>

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

(Reasonable Interpretation)

3  Defendant alleges that it acted in good faith reliance upon the reasonable interpretation of

4  applicable law.

5

## NINETEENTH AFFIRMATIVE DEFENSE

6

(Additional Affirmative Defenses)

7  Defendant reserves the right to amend this Answer to assert additional defenses and/or

8  supplement, alter or change this Answer as may be warranted by the revelation of information

9  during discovery and investigation.

10

## PRAYER

11  WHEREFORE, Defendant requests that judgment be entered as follows:

12  1.    That Plaintiff take nothing by way of his Complaint;

13  2.    That the Complaint be dismissed in its entirety with prejudice;

14  3.    For costs of suit incurred in defense of this action;

15  4.    For recovery of attorneys' fees expended in the defense of this action; and

16  5.    For such other and further relief as the Court deems just and proper.

17

## JURY TRIAL DEMANDED

18  Defendant demands a trial by jury.

19

20  Dated: May 20, 2019

GORDON REES SCULLY MANSUKHANI, LLP

21

By: _____

22

Michael D. Bruno
Nicholas A. Deming

23

Attorneys for Defendant
SSMB PACIFIC HOLDING

24

COMPANY, INC.

25

26

27

28

<div style="text-align: left">Gordon Rees Scully Mansukhani, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111</div>

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111.  I served the within documents:

### DEFENDANT'S ANSWER TO COMPLAINT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at , addressed as set forth below.

Frank E. Mayo
Law Office of Frank E. Mayo
4962 El Camino Real, Suite 104
Los Altos, CA 94022
Te:  (650) 964-8901

*Plaintiff's Counsel*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 20, 2019 at San Francisco, California.

*Vanessa Santellan*

Vanessa Santellan

1186423/45213050v.1

-6-